UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA E. SZLOSEK,

                Plaintiff,

        -against-

NYS OFFICE OF THE ATTORNEY GENERAL,

                Defendant.

24-CV-00897 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

      Plaintiff, who is proceeding *pro se*, brings this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131. She alleges that her former employer, the New York State Office of the Attorney General, discriminated and retaliated against her because of her age and disability. By order dated February 16, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served a summons and the complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date a summons is issued.

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant New York State Office of the Attorney General through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for the New York State Office of the Attorney General, complete the USM-285 form with the address for the defendant, deliver all documents necessary to effect service on the defendant to the U.S. Marshals Service, and mail Plaintiff an information package.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[2]

SO ORDERED.

Dated: March 8, 2024
        New York, New York

EDGARDO RAMOS
United States District Judge

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

## DEFENDANT AND SERVICE ADDRESS

NYS Office of the Attorney General
28 Liberty Street, 13th Floor
New York, NY 10005