UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA E. SZLOSEK,

                          Plaintiff,

          – *against* –

NEW YORK STATE OFFICE OF THE
ATTORNEY GENERAL,

                          Defendant.

**OPINION & ORDER**

24 Civ. 897 (ER)

RAMOS, D.J.:

          Donna Szlosek, who proceeds *pro se*, brought this action against her former employer, the New York State Office of the Attorney General ("OAG"), alleging that she was discriminated against based on her age and disability during her employment.  Now before the Court is the OAG's motion to dismiss.  For the reasons set forth below, the motion is GRANTED.

## I.    BACKGROUND

### A.  Factual Background

           The Court accepts the factual allegations in the complaint as true for purposes of the instant motion.  *In re Parmalat Securities Litigation*, 477 F. Supp. 2d 602, 607 (S.D.N.Y. 2007).

          Szlosek was employed by the OAG as a paralegal from May 2019 to April 5, 2023, and she claims that her co-workers began bullying her shortly after she started at the job.  Doc. 1 at 5.  She claims that her supervisor, Wendy Dorival, told her that other paralegals did not like her because she was old, and that the paralegals would intimidate her, throw things at her, and kick her in the back "to the entertainment and viewing" of Dorival.  *Id*.  She also alleges that the OAG withheld work and mandatory training from her.  *Id.*

Szlosek asserts that she was denied accommodations for her spine condition after she provided letters from two doctors describing her "condition and limits." *Id.* at 5, 6. For example, she was given a broken chair with a falling back and opening where her spine needed support. *Id.* at 5.[1] Further, Szlosek was assigned to make multiple trips per day to courts and government agencies, despite the fact that she had difficulty walking, even in extreme weather. *Id.* She was allegedly required to lift heavy boxes and was subjected to verbal abuse, including being called an "old wrinkled hag," and was told she needed psychiatric help when she became emotional in response. *Id.* at 6. Szlosek claims that Mary Clauncy, a Human Resources representative, harassed her several times a week and threatened her job when she was out on sick leave after her spine surgery. *Id.* at 5. She also alleges that the OAG tried to cancel her long-term disability insurance and health insurance after her spine surgery and wanted her to return to work five days a week in person, even though other employees were required to work in person only one day per week. *Id.* Szlosek was terminated on April 5, 2023. *Id.* She alleges the OAG fired her because she was not able to return to the work within the time frame the OAG required due to her slow recovery from her spine surgery. *Id.*

### B. Procedural Background

Szlosek filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") in approximately August 2023 and received a notice of right to sue on November 14, 2023. Doc. 1 at 6. Szlosek subsequently filed this complaint on February 6, 2024. Doc. 1 at 7. Szlosek asserts claims of age discrimination pursuant to the Age

---

[1] In her Amended Charge of Discrimination filed with the New York State Division of Human Rights and EEOC, Szlosek alleges that she was "refused the simplest of accommodations for [her] disability." Doc. 1-1 at 2. For example, she claims she submitted a request for a chair that provided more support to Mary Clauncy, who handles accommodations. Clauncy informed her that it is not easy for the office to get special chairs and that she would have to deal with what she had. Szlosek therefore purchased a cushion with her own funds that was stolen when she was not at her desk. Doc. 1-1 at 2. The Court offers no opinion as to whether Szlosek could bring successful failure to accommodate claims pursuant to Section 504 under the Rehabilitation Act, which applies to government entities that have waived Eleventh Amendment immunity through the receipt of federal funds. *See Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 413–15 (S.D.N.Y.), *on reconsideration*, 452 F. Supp. 2d 328 (S.D.N.Y. 2006).

Discrimination in Employment Act ("ADEA"), and disability discrimination under Title I of the Americans with Disability Act ("ADA").  She also alleges that the OAG violated the New York State Human Rights Law ("NYSHR") and New York City Human Rights Law ("NYCHR").

On January 31, 2025, the OAG moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that it is entitled to sovereign immunity under the Eleventh Amendment to the U.S. Constitution.  Doc. 34.  Szlosek filed an opposition on February 25, 2025, in which she requested the Court grant her leave to amend the complaint.  Doc. 38.  The OAG replied to Szlosek's response on March 6, 2025, further requesting that the Court to grant the motion to dismiss, with prejudice. Doc. 39.

## II.    LEGAL STANDARDS

### A.    Rule 12(b)(1) Motion to Dismiss:  Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), the Court must dismiss a case for lack of subject matter jurisdiction if the Court "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists.  *Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova*, 201 F.3d at 113).  On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, evidence outside of the pleadings may be considered by the court to resolve the disputed jurisdictional fact issues.  *Zappia Middle East Construction Company v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) (internal citation omitted); *see also Morrison*, 547 F.3d at 170 (citing *Makarova*, 201 F.3d at 113).  When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true but does not necessarily draw inferences from the complaint favorable to the plaintiff.  *J.S. ex rel. N.S.*

*v. Attica Central School*, 386 F.3d 107, 110 (2d Cir. 2004) (citing *Shipping Financial Services Corporation v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)).

### B.  Pro Se Litigants

The courts should interpret *pro se* litigants' pleadings and other filings to raise the strongest claims they suggest.  *Sharikov v. Philips Medical System MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).  In general, "[a] *pro se* complaint 'should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations adopted) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)).  However, notwithstanding the liberal pleading standards afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction.  *Lewis v. City of New York*, 762 F. Supp. 3d 290, 301 (S.D.N.Y. 2025) (quoting *Torres v. Blackstone Group*, No. 18 Civ. 6434 (RA), 2019 WL 4194496, at *2 (S.D.N.Y. Sept. 3, 2019) (internal quotation marks omitted), aff'd, 836 F. App'x 49 (2d Cir. 2020)).

### III.    DISCUSSION

The OAG argues that this court has no jurisdiction over Szlosek's claims because it enjoys the sovereign immunity under the Eleventh Amendment.

### A.  Eleventh Amendment Immunity

In general, the Eleventh Amendment bars private individuals from suing nonconsenting States in federal court.  *Clissuras v. City University of New York*, 359 F.3d 79, 81 (2d Cir. 2004).  It is well-settled that New York state has not consented to be sued under ADA nor ADEA in a federal court.  *See Quadir v. New York State Department of Labor*, 39 F. Supp. 3d 528, 537 (S.D.N.Y. 2014) ("The New York Legislature has never waived its sovereign immunity from liability under Titles I and V of the ADA."); *Darcy v. Lippman*, 356 F. App'x 434, 436 (2d Cir. 2009) (noting that there is no suggestion that New York state had consented to be sued under ADEA in a federal court).

The Eleventh Amendment also bars individuals from bringing NYSHRL and NYCHRL claims in federal court.  New York state has not waived its Eleventh Amendment immunity for NYSHRL suits in federal courts.  *Quadir*, 39 F. Supp. 3d at 537.  There is also no evidence that the State has consented to suit in federal court under the NYCHRL, and the City of New York does not have the power to abrogate the immunity of the State.  *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004).

However, under the Eleventh Amendment, a federal court may entertain a suit against a nonconsenting State on two conditions:  first, Congress must have enacted unequivocal statutory language abrogating the States' immunity from the suit; and second, some constitutional provision must grant Congress the authority to encroach States' sovereignty.  *Allen v. Cooper*, 589 U.S. 248, 248 (2020).

For Title I of the ADA, the Supreme Court has determined that Congress does not have the authority to abrogate the States' Eleventh Amendment immunity upon the powers enumerated in Article I or § 5 of the Fourteenth Amendment.  Therefore, suits in federal court by state employees to recover money damages by reason of the State's failure to comply with Title I of the ADA are barred by the Eleventh Amendment.  *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 360 (2001).  Similarly, the Supreme Court has concluded that while the ADEA provision demonstrates Congress' intent to abrogate the States' constitutionally secured immunity from suit in federal court, the ADEA's purported abrogation of such immunity is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment.  *Kimel v. Florida Board of Regents*, 528 U.S. 62, 91 (2000).  Therefore, neither the ADA nor the ADEA satisfies the exception to sovereign immunity.

The narrow exception to state sovereign immunity in *Ex Parte Young*, 209 U.S. 123, 184 (1908), applies to suits seeking prospective injunctive relief against state officials acting in violation of federal law.  However, since Szlosek is seeking money damages as relief, this exception also does not apply.

Moreover, "the immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Woods v. Rondout Valley Central School District Board of Education*, 466 F.3d 232, 236 (2d Cir. 2006) (internal quotation marks omitted). Thus, "under the doctrine of sovereign immunity, an individual may not sue a state, its agencies, or its officials in federal court, absent that state's consent or an express statutory waiver of immunity." *Leon v. Rockland Psychiatric Center*, 232 F. Supp. 3d 420, 429 (S.D.N.Y. 2017). The OAG, as an agency of New York State, is entitled to sovereign immunity. Therefore, the Court grants the motion to dismiss for lack of subject matter jurisdiction.[2]

### B. Leave to Amend

The Federal Rules of Civil Procedure provide that "leave [to amend a pleading] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Gumer v. Shearson, Hammill & Co.*, 516 F.2d 283, 287 (2d Cir. 1974). According to the Supreme Court, only "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of the amendment" will serve to prevent an amendment prior to trial. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny leave to amend a complaint when amendment would be futile. *Tocker v. Philip Morris Companies, Inc.*, 470 F.3d 481, 491 (2d Cir. 2006). The party opposing the amendment has the burden of establishing its futility. *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (internal citations omitted).

---

[2] In addition to the OAG's invocation of Eleventh Amendment immunity, the Court may also dismiss the case pursuant Fed. R. Civ. P. 12(h)(3), which provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," as well as 28 U.S.C. § 1915(e)(2)(B)(iii), which states that "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief." Indeed, "[t]he Eleventh Amendment, where applicable, deprives a federal court of jurisdiction." *DeMeo v. Koenigsmann*, No. 11 Civ. 7099 HBP, 2015 WL 1283660, at *10 (S.D.N.Y. Mar. 20, 2015) (quoting *In re 995 Fifth Ave. Associates, L.P.*, 963 F.2d 503, 506 (2d Cir. 1992)).

Accepting the allegations in Szlosek's complaint as true, and drawing all reasonable inferences in her favor, the Court finds that allowing Szlosek to amend her complaint would be futile. The OAG enjoys sovereign immunity and none of Szlosek's supplemental allegations qualifies as an exception. New York state has not waived sovereign immunity for claims pursuant to the ADA, ADEA, NYSHRL or NYCHRL. The Court finds that it is not possible for Szlosek to cure this deficiency. Thus, any amendment would be futile.

## IV.    CONCLUSION

For the reasons set forth above, the Court GRANTS the motion, with prejudice.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 33, and close the case.

It is SO ORDERED.

Dated:    June 25, 2025
          New York, New York

_____
            EDGARDO RAMOS, U.S.D.J.